**WEYERHAEUSER COMPANY,**
**Plaintiff,**

v.

**UBAF ARAB AMERICAN**
**BANK, Defendant.**

**No. 89 Civ. 1977 (BN).**

United States District Court,
S.D. New York.

Sept. 25, 1991.

Paul, Weiss, Rifkind, Wharton & Garrison Jane A. Levine, New York City, for plaintiff.

Porter & Travers Brian Rosner, New York City, for defendant.

## ON DEFENDANT'S MOTION FOR REVIEW OF TAXATION OF COSTS

NEWMAN, Senior Judge, United States Court of International Trade, sitting as a United States District Court Judge by Designation:

Defendant seeks review and modification of the Judgment Clerk's taxation of costs pursuant to Fed.R.Civ.P. 54(d) and Local Rule 11(b) of the United States District Courts for the Southern and Eastern Districts of New York. Specifically, defendant seeks a reduction of the Judgment Clerk's taxation of costs for an original and one copy of three pretrial deposition transcripts, claiming that the per page costs taxed by the Judgment Clerk are in excess of those permitted in this District. On August 5, 1991 this court rendered a decision in favor of plaintiff and awarded $109,145.87, plus costs 768 F.Supp. 481. Shortly thereafter, on August 12, 1991, final judgment for plaintiff was entered by the Clerk. A notice of motion to amend the judgment pursuant to Fed.R.Civ.P. 59(e) to include prejudgment interest was filed by plaintiff on August 21, 1991. On Septem-

ber 6, 1991, and while the aforementioned motion was *sub judice*, plaintiff filed with the Judgment Clerk a request to tax costs on September 11, 1991. Neither party called the filing of the Rule 59 motion to the attention of the Judgment Clerk and defendant asserted no objection to the taxation of costs at that point in time on the ground that the August 12th judgment was no longer final in view of plaintiff's pending Rule 59 motion.

On September 11, 1991, the date requested by plaintiff for the taxation of costs, the parties appeared before the Judgment Clerk to settle taxation of costs. Again, no objection was raised by defendant that because of a pending motion under Rule 59, the August 12th judgment was not final. Moreover, no objection was raised by defendant concerning the disputed deposition transcript costs and defendant consented to the costs requested by plaintiff and taxed by the Judgment Clerk. Allegedly thereafter, defendant was advised by the Judgment Clerk that the allowance per page for the fee of an original transcript of the depositions was $3.68 rather than higher costs requested by plaintiff and taxed by the Judgment Clerk, ranging from $5.74 to $5.90 per page.

Defendant now claims that the costs taxed by the Judgment Clerk for the deposition transcripts should be reduced by $937.86 (from $2,549.70 to $1,611.84) predicated on $3.68 per page instead of the per page charges actually billed by the court reporting service and taxed by the Judgment Clerk. In support of its claimed per page allowance of $3.68, plaintiff cites an order of Chief Judge Brieant, dated November 16, 1989, "In the Matter of MAXIMUM ALLOWABLE TRANSCRIPT FEES," M10–468, reflecting rates adopted by the Board of Judges of the Southern District of New York increasing by ten percent the transcript rates authorized by the Judicial Conference of the United States as approved by the Director of the Administrative Office of the United States on October 18, 1989.

■ Defendant's objection to the deposition transcript costs taxed by the Judgment

Clerk is without merit. First, neither the Federal Rules of Civil Procedure nor the Local Rules of the Southern District of New York prescribe the per page cost allowances for deposition transcripts that may be taxed as costs. Chief Judge Brieant's order of November 16, 1989 prescribes transcript fees for court proceedings charged by Southern District Court Reporters on orders received after November 20, 1989. The transcript rates adopted by the Southern District, as prescribed by Judge Brieant's order, clearly have no relevance to the fees charged for deposition transcripts prepared by outside court reporters or to the amount of such fees that may be taxed as costs. Hence, defendant is quite incorrect in its contention that in the taxation of costs, $3.68 is the allowable per page charge for an original transcript of each of the depositions. Second, the transcript rates prescribed for Southern District Court Reporters were not intended as guidelines as to the reasonableness of deposition transcript rates charged by outside court reporters. Defendant makes no claim that the per page transcript charges actually billed to plaintiff for the depositions are unreasonable or contrived. As noted above, the per page costs submitted by plaintiff for the three transcripts ranged from $5.74 to $5.90 totalling the requested taxation of $2,549.70 for such costs. Finally, defendant interposed no objection whatever prior to or at the taxation of costs, but consented to the costs requested by plaintiff. The Judgment Clerk had the discretion to approve and tax the deposition costs requested by plaintiff.

The court's Local Rule 11(b) provides: "In the absence of any objection, any item listed may be taxed within the discretion of the clerk. The taxation of costs by the clerk shall be final unless modified on review by the court on motion filed within five (5) days thereafter pursuant to Rule 54(d) of the Federal Rules of Civil Procedure." As noted, *supra*, there was no objection made to the Judgment Clerk by defendant to the deposition transcription costs requested by plaintiff and no claim or proof here that the costs taxed are unreasonable. Plainly, there was no abuse of discretion by the Judgment Clerk in approving the requested charges, which are final unless modified on review by the court on motion. Fed.R.Civ.P. 54(d), Local Rule 11(b). Notwithstanding defendant's failure to interpose objection to the deposition transcript costs to the Judgment Clerk, the court, of course, may modify the costs taxed by the Judgment Clerk if there is a legitimate reason for modification. However, this court perceives of no reason to modify the disputed costs taxed by the Judgment Clerk.

 To the extent that plaintiff's September 6th request for taxation of costs was premature in view of the nonfinality of the August 12th judgment pending decision on plaintiff's motion to amend such judgment under Rule 59(e), any objection on that basis has been waived by defendant. Further, defendant did not assert any noncompliance with Local Rule 11(a) at the taxation of costs and does not claim any noncompliance in this review. Defendant's motion is, therefore, denied.